UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>HICKORY SPECIALTIES, INC.,<br>Defendant. | Case No. 4:26-cr-00521 PLC |

**DEFERRED PROSECUTION AGREEMENT**

Defendant Hickory Specialties Inc. ("Hickory" or "Defendant") by its undersigned representatives, and the United States Attorney's Office for the Eastern District of Missouri (the "Office"), enter into this deferred prosecution agreement (the "Agreement"), the terms and conditions of which are as follows:

**Criminal Information and Acceptance of Responsibility**

1. Defendant acknowledges and agrees that the Office will file the attached one count criminal Information in the United States District Court for the Eastern District of Missouri charging the Defendant with Willful Violation of the Occupational Safety and Health Act Causing Death to an Employee, in violation of 29 U.S.C. § 666(e). In so doing, Defendant: (a) knowingly waives its right to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, Title 18, United States Code, Section 3161 and Federal Rule of Criminal Procedure 48(b); (b) knowingly waives any right to a Preliminary Hearing under Federal Rule of Criminal Procedure 5.1; and (c) knowingly waives for purposes of this Agreement and any charges by the United States arising out of the conduct described in the attached Statement of Facts any objection

with respect to venue and consents to the filing of the Information, as provided under the terms of this Agreement, in the United States District Court for the Eastern District of Missouri.

2. Defendant admits, accepts, and acknowledges that it is responsible under United States law for the acts of its officers, directors, employees, and agents as charged in the Information, and as set forth in the Statement of Facts attached hereto as Attachment A and incorporated by reference into this Agreement, and that the allegations described in the Information and the facts described in Attachment A are true and accurate. Should the Office pursue the prosecution that is deferred by this Agreement, Defendant and the Office stipulates to the admissibility of the Statement of Facts in any proceeding, including any trial, guilty plea, or sentencing proceeding, and will not contradict anything in the Statement of Facts at any such proceeding.

3. Defendant agrees to remediate the conduct described in the Criminal Information and Statement of Facts by entering into this Agreement.

**Term of the Agreement**

4. This Agreement is effective for a period beginning on the date on which the Information is filed and ending two (2) years from the date on which the Information is filed (the "Term"). Defendant agrees, however, that, in the event the Office determines, in its sole discretion, that Defendant has knowingly violated any provision of this Agreement, an extension or extensions of the term of the Agreement may be imposed by the Office, in its sole discretion, for up to a total additional time period of one year, without prejudice to the Office's right to proceed as provided in Paragraphs 9-12 (Breach of Agreement), below. Any extension of the Agreement pursuant to this paragraph extends all terms of this Agreement for an equivalent period, including the Compliance Requirements that are attached hereto as Attachment B and incorporated by reference

into this Agreement.

**Payment of Monetary Penalty**

5. Defendant shall pay a fine and monetary payments totaling $658,525, to be as follows:

(a) Defendant agrees to pay a monetary penalty in the amount of $435,000 to the United States Treasury within ten (10) days of the filing of the Information. Defendant and the Office agree that this fine is appropriate given the facts and circumstances of this case. The $435,000 penalty is final and shall not be refunded. Furthermore, nothing in this Agreement shall be deemed an agreement by the Office that $435,000 is the maximum penalty that may be imposed in any future prosecution, and the Office is not precluded from arguing in any future prosecution that the Court should impose a higher fine, although the Office agrees that under those circumstances, it will recommend to the Court that any amount paid under this Agreement should be offset against any fine the Court imposes as part of a future judgment. Defendant acknowledges that no United States tax deduction may be sought in connection with the payment of any part of this $435,000 penalty.

(b) Defendant shall not dispute the alleged violations in the citations issued by the Occupational Safety and Health Administration (OSHA) in Inspection No. 1393573 and pay penalties to the Department of Labor in the amount of $223,525 pursuant to the Stipulation and Settlement Agreement resolving the pending administrative action before the Occupational Safety and Health Review Commission: *Secretary of Labor v. Hickory Specialties, Inc.*, OSHRC Docket No. 19-1622. The Stipulation and Settlement Agreement is attached hereto as Attachment C.

**Conditional Release from Liability**

6. Subject to Paragraphs 9-12 (Breach of Agreement), the Office agrees, except as provided herein, that it will not bring any criminal or civil case against Defendant and/or any present or former officer, director, employee, shareholder, parent, subsidiary, affiliate, agent, consultant, contractor, or subcontractor of Defendant or its parents, subsidiaries, or affiliates relating to any of the conduct described in the Statement of Facts, attached hereto as Attachment A, or the criminal Information filed pursuant to this Agreement. The Office, however, may use any information related to the conduct described in the attached Statement of Facts against Defendant: (a) in a prosecution for perjury or obstruction of justice; (b) in a prosecution for making a false statement; (c) in a prosecution or other proceeding relating to any crime of violence; or (d) in a prosecution or other proceeding relating to a violation of any provision of Title 26 of the United States Code. This Agreement does not provide any protection against prosecution for any future conduct by Defendant and/or any present or former officer, director, employee, shareholder, parent, subsidiary, affiliate, agent, consultant, contractor, or subcontractor of Defendant.

**Deferred Prosecution**

7. In consideration of Defendant's entry into this Agreement and its commitment to accept and acknowledge responsibility for the conduct detailed in the Criminal Information and Statement of Facts at Attachment A, and to comply with the terms of this Agreement, the Office agrees that any prosecution of Defendant for the conduct set forth in the attached Statement of Facts, and for the conduct that Defendant disclosed to the Office prior to the signing of this Agreement, be and hereby is deferred for the Term of this Agreement.

8. The Office further agrees that if Defendant fully complies with all of its

obligations under this Agreement, the Office will not continue the criminal prosecution against Defendant described in Paragraph 1 and, at the conclusion of the Term, this Agreement shall expire. Within six (6) months of the Agreement's expiration, the Office shall seek dismissal with prejudice of the criminal Information filed against Defendant described in Paragraph 1, and agrees not to file charges in the future against Defendant based on the conduct described in this Agreement and Attachment A.

**Breach of The Agreement**

9. If during the Term of this Agreement Defendant: (a) commits and is adjudicated guilty of any felony under U.S. federal law; (b) provides pursuant to this Agreement deliberately false, incomplete, or misleading information; (c) fails to implement the Compliance Requirements set forth in Attachment B; or (d) otherwise fails specifically to perform or to fulfill completely each of Defendant's obligations under the Agreement, regardless of whether the Office becomes aware of such a breach after the Term of the Agreement is complete, Defendant shall thereafter be subject to prosecution for any federal criminal violation of which the Office has knowledge, including, but not limited to, the charges in the Information described in Paragraph 1, which may be pursued by the Office in the U.S. District Court for the Eastern District of Missouri or any other appropriate venue. Determination of whether to pursue prosecution of Defendant in the event of a breach of the Agreement shall be in the Office's sole discretion. Any such prosecution may be premised on information provided by Defendant. Any such prosecution relating to the conduct described in the attached Statement of Facts or relating to conduct known to the Office prior to the date on which this Agreement was signed that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Defendant,

notwithstanding the expiration of the statute of limitations, between the signing of this Agreement and the expiration of the Term plus one year. Thus, by signing this Agreement, Defendant agrees that the statute of limitations with respect to any such prosecution that is not time-barred on the date of the signing of this Agreement shall be tolled for the Term plus one year. In addition, Defendant agrees that the statute of limitations as to any violation of 29 U.S.C. § 666(e) that occurs during the Term will be tolled from the date upon which the violation occurs until the date upon which the Office is made aware of the violation.

10. In the event the Office determines that Defendant has breached this Agreement, the Office agrees to provide Defendant with written notice of such breach prior to instituting any prosecution resulting from such breach. Within thirty (30) days of receipt of such notice Defendant shall have the opportunity to respond to the Office in writing to explain the nature and circumstances of such breach, as well as the actions Defendant has taken to address and remediate the situation, which explanation the Office shall consider in determining whether to pursue prosecution of Defendant.

11. In the event the Office determines that Defendant has breached this Agreement: (a) all statements made by or on behalf of Defendant to the Office or to the Court, including the attached Statement of Facts, and any testimony given by Defendant before a grand jury, a court, or any tribunal, or at any legislative hearings, whether prior or subsequent to this Agreement, and any leads derived from such statements or testimony, shall be admissible in evidence in any and all criminal proceedings brought by the Office against Defendant; and (b) Defendant shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any

other federal rule that any such statements or testimony made by or on behalf of Defendant prior or subsequent to this Agreement, or any leads derived therefrom, should be suppressed or are otherwise inadmissible. The decision whether conduct or statements of any current director, officer, or employee, or any person acting on behalf of, or at the direction of, Defendant, will be imputed to Defendant for the purpose of determining whether Defendant has violated any provision of this Agreement shall be in the sole discretion of the Office.

12. Defendant acknowledges that the Office has made no representations, assurances, or promises concerning what sentence may be imposed by the Court if Defendant breaches this Agreement and this matter proceeds to judgment. Defendant further acknowledges that any such sentence is solely within the discretion of the Court and that nothing in this Agreement binds or restricts the Court in the exercise of such discretion.

**Public Statements by Defendant**

13. Defendant expressly agrees that it shall not, through present or future attorneys, officers, directors, employees, agents, or any other person authorized to speak for Defendant makes any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by Defendant set forth above or the facts described in the attached Statement of Facts. Any such contradictory statement shall, subject to cure rights of Defendant described below, constitute a breach of this Agreement, and Defendant thereafter shall be subject to prosecution as set forth in Paragraphs 9-12 of this Agreement. The decision whether any public statement by any such person contradicting a fact contained in the Statement of Facts will be imputed to Defendant for the purpose of determining whether it has breached this Agreement shall be at the sole discretion of the Office. If the Office determines that a public statement by any such person contradicts in whole

or in part a statement contained in the Statement of Facts, the Office shall so notify Defendant, and Defendant may avoid a breach of this Agreement by publicly repudiating such statement(s) within five (5) business days after notification. In cases other than those brought by a Department or Agency of the United States, Defendant shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Statement of Facts provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Statement of Facts. This Paragraph does not apply to any statement made by any present or former officer, director, employee, or agent of Defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of Defendant.

**Limitations on Binding Effect of Agreement**

14. This Agreement is binding on Defendant and the Office but specifically does not bind any other component of the Department of Justice, other federal agencies, or any state, local, or foreign law enforcement or regulatory agencies, or any other authorities, although the Office will bring the cooperation of Defendant and its compliance with its other obligations under this Agreement to the attention of such agencies and authorities if requested to do so by Defendant.

**Sales or Mergers**

15. If, during the term of this Agreement, Defendant sells, merges, or transfers all, or substantially all of its business operations as they exist as of the date of this Agreement, it shall include in any such sales, merger, or transfer, a provision binding the purchaser or successor to the terms of this Agreement.

**Notice**

16. Any notice to the Office under this Agreement shall be given by personal delivery, overnight delivery by a recognized delivery service, or registered or certified mail, addressed to Dianna R. Edwards (Collins), United States Attorney's Office for the Eastern District of Missouri, at Thomas Eagleton U.S. Courthouse, 111 S. 10th Street, 20th Floor, St. Louis, MO 63102. Any notice to Defendant under this Agreement shall be given by personal delivery, overnight delivery by a recognized delivery service, or registered or certified mail, addressed to Richard E. Finneran, Bryan Cave Leighton Paisner, LLP, 211 N. Broadway, Suite 3600, St. Louis, MO 63102. Notice shall be effective upon actual receipt by the Office or Defendant.

**Complete Agreement**

17. This Agreement and its attachments sets forth all the terms of the agreement between Defendant and the Office. No amendments, modifications or additions to this Agreement shall be valid unless they are in writing and signed by the Office, the attorneys for Defendant and a duly authorized representative of Defendant.

**AGREED:**

**FOR HICKORY SPECIALTIES, INC:**

Date: 10/16/26

CHRIS SCHILDER
Authorized Representative

Date: 10/22/26

RICHARD E. FINNERAN
Counsel

**FOR THE DEPARTMENT OF JUSTICE:**

Date: 10/22/26

DIANNA R. EDWARDS
Assistant United States Attorney